

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,173-02

**EX PARTE LADEREK ADARIOUS FULLER, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W08-53000-V(B) IN THE 292ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Fuller v. State*, No. 05-09-01099-CR (Tex. App. — Dallas, July 11, 2014) (not designated for publication).

Applicant contends that his conviction was based on the material false testimony of accomplice-witness Demetrius Ellis. Ellis has submitted an affidavit in which he states that his trial testimony indicating that Applicant took part in planning the robbery and was the shooter who killed the victim during the course of the robbery was false. The State responds that Ellis's affidavit is not

credible. The trial court has not entered findings of fact and conclusions of law.

Applicant has alleged facts that, if true, might entitle to relief. *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel but is not represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the trial testimony of Demetrius Ellis was false, and if so, whether there is a reasonable likelihood that the false testimony affected the judgment of the jury. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 1, 2019
Do not publish